```
                                    FILED
                             CLERK, U.S. DISTRICT COURT

                                    6/16/2025

                             CENTRAL DISTRICT OF CALIFORNIA
                             BY:    E.C.      DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | No. 8:25-cr-00106-FWS |
|---|---|
| Plaintiff, | I N F O R M A T I O N |
| v. | [18 U.S.C. § 1341: Mail Fraud; 18 U.S.C. § 1343: Wire Fraud; 8 U.S.C. § 1326(a), (b)(2): Illegal Alien Found in the United States Following Deportation; 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| ALEXANDER G. RAMOS, aka "Alejandro Gerardo Ramos Cisneros," | |
| Defendant. | |

The United States Attorney charges:

COUNTS ONE THROUGH TWO

[18 U.S.C. § 1341]

A.  INTRODUCTORY ALLEGATIONS

At times relevant to this Information:

1.  Victim Company was a company in Newport Beach, California, that specialized in financing the purchase of classic and collector cars.

2.  Victim Company helped its clients, who were car purchasers, complete any necessary tax, titling, and licensing ("TTL") paperwork incident to purchasing and registering their cars.

3. Victim Company's clients lived all over the United States, including in California, and could request that their cars be registered in their states of residency.

4. Different states could have different procedures for registering cars as well as different TTL fees. Victim Company worked with title agents or partners in other states to register their clients' cars in those states and pay any necessary TTL fees.

5. In some instances, Victim Company collected TTL fees from its client and remitted those fees to the relevant title agent or partner who was assisting with registration.

6. If too many funds were sent to the assisting title agent or partner than necessary to pay for TTL-related fees, the assisting title agent or partner was expected to return the extra funds to Victim Company.

7. Defendant ALEXANDER G. RAMOS, also known as "Alejandro Gerardo Ramos Cisneros" ("RAMOS"), served, at various times, as either the Title and Risk Department Manager or Assistant Vice President of Risk Management at Victim Company. In either capacity, as part of his job responsibilities, defendant RAMOS was the primary point of contact between Victim Company and title agents or other partners who were assisting with registration and payment of TTL fees.

8. Defendant RAMOS was entrusted by Victim Company with facilitating the correct payment of fees to outside title agents or partners, as well as ensuring that excess TTL fees sent to those agents or partners were refunded to Victim Company.

9. In performing his role, defendant RAMOS directed the Victim Company's Accounting Department to issue checks for TTL payments to

title agents or other partners. The Accounting Department then mailed those checks using a private and commercial interstate carrier to the relevant title agents or partners, who were often in states other than California.

B.  THE SCHEME TO DEFRAUD

10. Beginning no later than in or around January 2020, and continuing to at least in or around September 2024, in Orange County, within the Central District of California, and elsewhere, defendant RAMOS, knowingly and with intent to defraud, devised, participated in, and executed a scheme to defraud Victim Company as to material matters, and to obtain money and property by means of materially false pretenses, representations, promises, and the concealment of material facts.

11. The fraudulent scheme operated, in substance, as follows:

   a.  Defendant RAMOS caused Victim Company's Accounting Department to issue checks to certain title agents or partners, under the false pretense that the checks authorized payments that were necessary for TTL-related expenses.

   b.  In reality, the payments that defendant RAMOS caused to be issued to those title agents or partners often were unnecessary and exceeded the true cost of any applicable TTL-related expenses.

   c.  Defendant RAMOS then directed the title agent or partner who received excess funds on the disposition of those funds. Such directions included instructions to the title agents or partners to "return" at least a portion of those funds, either by issuing checks payable to, or making wire transfers to, bank accounts that were ostensibly controlled by Victim Company, but which were actually controlled by defendant RAMOS.

        d.   In doing so, defendant RAMOS falsely represented to Victim Company that it needed to send money to title agents or partners for TTL-related expenses when it was unnecessary to do so, and then defendant RAMOS caused those title agents or partners who received excess funds to transfer at least a portion of those extra funds to bank accounts that defendant RAMOS controlled.

C.   <u>USE OF THE MAILS</u>

12.   On or about the dates set forth below, in Orange County, within the Central District of California, and elsewhere, defendant RAMOS, for the purpose of executing the above-described scheme to defraud, deposited and caused to be deposited and to be sent and delivered by a private and commercial interstate carrier, namely, Federal Express ("FedEx"), and knowingly caused to be delivered by such carrier according to the direction thereon, the following items:

| Count | Date | Mailing |
|-------|------|---------|
| ONE | 6/30/2020 | A FedEx package, bearing FedEx Tracking Number 770843411568, containing a check from Victim Company for $52,143.00, bearing check number 35226, that was sent to One Stop Insurance in Las Vegas, Nevada. |
| TWO | 9/23/2024 | A FedEx package, bearing FedEx Tracking Number 778723989613, containing a check from Victim Company for $67,915.00, bearing check number 54885, that was sent to Agent for Montana Title, in Helena, Montana. |

4

COUNTS THREE THROUGH FOUR

[18 U.S.C. § 1343]

13. The Grand Jury realleges paragraphs 1 through 9 and 11 of this Information here.

A. THE SCHEME TO DEFRAUD

14. Beginning no later than in or around January 2020, and continuing to at least in or around July 2020, in Orange County, within the Central District of California, and elsewhere, defendant RAMOS, knowingly and with intent to defraud, devised, participated in, and executed a scheme to defraud Victim Company as to material matters, and to obtain money and property by means of materially false pretenses, representations, promises, and the concealment of material facts.

15. The fraudulent scheme operated, in substance, as described in paragraph 11 of this Information.

B. USE OF INTERSTATE WIRES

16. On or about the dates set forth below, in Orange County, within the Central District of California, and elsewhere, defendant RAMOS, for the purpose of executing the above-described scheme to defraud, willfully caused the transmission of the following items by means of wire communication in interstate commerce:

| Count | Date | Transaction |
|---|---|---|
| THREE | 6/29/2020 | Interstate wire transfer of $17,230.00 by One Stop Insurance to a BBVA account ending in 3720. |
| FOUR | 7/20/2020 | Interstate wire transfer of $22,485.70 by One Stop Insurance to a BBVA account ending in 3720. |

                              COUNT FIVE

                        [8 U.S.C. § 1326(a), (b)(2)]

    17.  The Grand Jury realleges paragraphs 1 through 9 and 11 of this Information here.

    18.  On or about May 19, 2025, defendant RAMOS, an alien, who had been officially deported and removed from the United States on or about November 16, 2005, September 3, 2008, and May 16, 2017, was found in Orange County, within the Central District of California, after knowingly and voluntarily re-entering and remaining in the United States without having obtained permission from the Attorney General or her designated successor, the Secretary for Homeland Security, to reapply for admission to the United States following deportation and removal.

    19.  At least one of defendant's previously alleged deportations and removals from the United States occurred subsequent to defendant's conviction for the following felonies:

        a.  Wire Fraud, in violation of Title 18, United States Code, Section 1343, on or about September 26, 2004, in the United States District Court for the District of Nevada, case number 2:04-cr-00197-RCJ-LRL, an offense that involved fraud or deceit in which the loss to the victim or victims exceeded $10,000, for which defendant was sentenced to a total term of 21 months in prison.

        b.  Theft, in violation of Arizona Revised Statutes Code 13-1802, on or about July 15, 2011, in the Superior Court of Arizona, Maricopa County, case number CR2010-153967-001, for which defendant was sentenced to a total term of 3.5 years in prison.

        c.  Illegal Re-entry After Removal, in violation of Title 8, United States Code, Section 1326, on or about November 8, 2016, in

1 | the United States District Court for the District of Arizona, case
2 | number CR-16-01252-001-PHX-DLR, for which defendant was sentenced to
3 | 275 days in prison and 36 months of supervised release.

FORFEITURE ALLEGATION

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

20. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts One through Four of this Information.

21. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to any of the offenses, including but not limited to the real property located at 142 Princess Pine, Irvine, California, with Assessor Parcel Number 591-601-18; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

22. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

8

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

BILAL A. ESSAYLI
United States Attorney

    /s/ for

CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division

MARK P. TAKLA
Assistant United States Attorney
Chief, Orange County Office

MELISSA S. RABBANI
Assistant United States Attorney
Deputy Chief, Orange County Office

KEVIN Y. FU
Assistant United States Attorney
Orange County Office